IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**LINDA MICHAEL,**
**INMATE # 0-889386,**

    Plaintiff,

vs.                                             Case No. 4:24cv57-WS-MAF

**RON DESANTIS,**
**THOMAS BAKKEDAHL,**
**and CYNTHIA COX,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    The pro se Plaintiff is a prisoner currently incarcerated in the State of Oklahoma. ECF No. 1 at 2. Plaintiff was convicted in the State of Florida of second degree murder and sentenced on December 11, 1992. ECF No. 1 at 11. Judicial notice is taken that Plaintiff was transferred to Oklahoma under the Interstate Corrections Compact. *See* case # 4:07cv545-WS-WCS, ECF No. 13.

    Plaintiff initiated this case on February 6, 2024. ECF No. 1. Plaintiff paid the filing fee to do so, ECF No. 2, because she has "three strikes," and her prior case against Governor Ron DeSantis was dismissed pursuant to

28 U.S.C. § 1915(g) on December 21, 2023.  ECF Nos. 3, 5-6, case # 4:23cv506-AW-MAF.

After review of Plaintiff's initial civil rights complaint, ECF No. 1, filed on February 6, 2024, an Order was entered, ECF No. 4, requiring Plaintiff to file an amended complaint if she believed there was a basis to do so.  Plaintiff has now filed an amended complaint, ECF No. 8, although she improperly titled it as a "second amended complaint."[1]  The complaint has been reviewed to determine if it is sufficient to state a claim against the named Defendant, Governor DeSantis.[2]

First, judicial notice is taken of a recent petition for writ of habeas corpus filed by Plaintiff in this Court - case number 4:22cv414-MW-MAF.  That case makes clear that Plaintiff Linda Michael is serving a life sentence for her December 1993 conviction of second degree murder in Martin County, Florida.  ECF No. 3 of case # 4:22cv414-MW-MAF (citing to case number 93-502).  The Report and Recommendation entered in that case

---

[1] The Court has confirmed that Plaintiff has no other pending cases in federal court in either Florida or Oklahoma.  Thus, it does not appear that the "second amended complaint" was intended to be filed in another case or court.

[2] Plaintiff's initial complaint named three Defendants: Chief Judge Cynthia L. Cox, Thomas Bakkedahl, a state attorney from Stuart, Florida, and the Governor.  ECF No. 1.

makes clear that Plaintiff filed numerous motions to correct, mitigate, or modify her sentence, and also sought post-conviction relief. ECF No. 30 of case # 4:22cv414. All motions and petitions were denied. *Id.* at 2-3, case # 4:22cv414. Plaintiff then began filing civil rights cases which also challenge her sentence and/or length of incarceration. *See, e.g.,* case # 4:07cv545-WS-WCS, brought against the Florida Parole Commission, and case # 1:02cv22019-FAM, filed in the Southern District of Florida, also against the Parole Commission. Those cases[3] have been dismissed for failure to state a claim and as foreclosed under Heck v. Humphrey, 512 U.S. 477 (1994). *See* ECF No. 17 of case # 4:07cv545 and ECF No. 18 of case # 1:02cv22019. Her appeal of case # 4:07cv545 was dismissed as

---

[3] That list of cases filed is not complete. Plaintiff has filed a total of 12 cases, including this one, in federal court: (1) case # 4:07cv545, filed in Florida Northern District on 12/24/2007 and dismissed on 3/27/2008; (2) case # 4:22cv00414, filed in Florida Northern District on 11/21/2022 and dismissed on 10/04/2023 (habeas); (3) case # 4:2023cv00506, filed in Florida Northern District on 11/27/2023 and dismissed on 12/21/2023; (4) this case - case # 4:24cv057 - filed on 02/06/2024; (5) case # 2:02cv14056, filed in Florida Southern District on 02/20/2002 and dismissed on 12/18/2003 (habeas); (6) case # 2:94cv14257, filed in Florida Southern District on 12/05/1994 and dismissed on 12/20/1994 (breach of contract); (7) case # 9:94cv8760, filed in Florida Southern District on 12/22/1994 and dismissed on 04/22/1996; (8) case # 2:12cv14417, filed in Florida Southern District on 11/19/2012 and dismissed on 03/27/2013; (9) case # 1:02cv22019, filed in Florida Southern District on 07/10/2002 and dismissed on 08/30/2002; (10) case # 5:10cv1064, filed in Oklahoma Western District on 09/29/2010 and dismissed on 05/09/2012; (11) case # 5:11cv1294, filed in Oklahoma Western District on 11/03/2011 and dismissed on 05/10/2012 (habeas); and (12) case # 2:03cv14139, filed in Florida Southern District on 05/19/2003 and dismissed on 09/03/2003 (habeas).

frivolous. ECF No. 35 of that case. Her appeal of case # 1:02cv22019 was dismissed for lack of jurisdiction. ECF No. 29 of that case. Plaintiff's challenge to her current incarceration through the filing of a civil rights case continues with this case.

Similar to Plaintiff's prior habeas petition (case number 4:22cv414), she has claimed in the amended complaint filed in this case, ECF No. 8, that she is serving a life sentence which was imposed "in violation of the U.S. Constitution and clearly established federal laws." *Id.* at 5. Plaintiff says that she was acquitted of first degree murder and "found guilty of a lesser included offense of second degree murder." *Id.* She contends that the Governor has a ministerial duty to perform the faithful execution of the laws of Florida, but that in approximately 2019, the Governor issued an "exemption order" which exempts crimes of murder from executive clemency. *Id.* at 5-6. In addition, the Governor denied her request for clemency and "enforced" the unconstitutional sentence previously imposed. *Id.* at 6.

Before addressing the merits of Plaintiff's claims, it is first noted that Plaintiff raised this same claim in her prior habeas petition when she argued that her sentence was unlawful (above the guidelines) and the

Office of Executive Clemency wrongfully denied her petition for clemency. *See* ECF No. 30 of case # 4:22cv414 (citing to ECF No. 1 at 14, 23).  Her habeas petition was denied both as successive and because it raised claims not cognizable in federal habeas proceedings.  That was not a decision on the merits of her claims.

After that dismissal on October 4, 2023, Plaintiff then filed case number 4:23cv506-AW-MAF on November 27, 2023.  Plaintiff's complaint, ECF No. 1, in that case raised the same claims she how raises against Governor DeSantis - that her sentence is unconstitutional and unjust, and the Governor "had a non-discretionary ministerial duty" to remedy the violation of her rights bu refused to grant her clemency petition.  ECF No. 1 at 9-10.  Again, the claims were not decided on the merits because her complaint was dismissed pursuant to the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).  ECF No. 5 of that case.

Plaintiff is informed that there are multiple problems with the claims she seeks to litigate in this case.  First, Plaintiff was convicted and sentenced to life imprisonment in 1992.  Her efforts to overturn her conviction and sentence have been unsuccessful thus far.

Plaintiff should be aware by now that there are "two broad categories of prisoner petitions: (1) those challenging the fact or duration of confinement itself; and (2) those challenging the conditions of confinement." Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of [her] confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369 (1994). A challenge to the proper calculation of a sentence and asserting that one's current confinement is unlawful strikes at the "heart of habeas corpus." Preiser, 411 U.S. at 498, 93 S. Ct. at 1840.

Plaintiff's claim that her sentence is unconstitutional cannot be adjudicated in this civil rights case. The Supreme Court has made clear that the "sole federal remedy" for a challenge to the duration of an imprisonment "is a writ of habeas corpus." 411 U.S. at 500, 93 S. Ct. at 1841. Because Plaintiff's exclusive remedy is through a habeas petition, and this case does not present a conditions of confinement challenge, it should be dismissed as frivolous. Cook v. Baker, 139 F. App'x 167, 169 (11th Cir. 2005) (affirming dismissal of prisoner's § 1983 case "as frivolous"

because the exclusive remedy for prisoner's claim was "to file a habeas corpus petition pursuant to 28 U.S.C. § 2254").

Second, as Plaintiff was informed in the prior Order entered in this case, ECF No. 4, she cannot sue the Governor for failing to carry out "a ministerial duty."  That is because Plaintiff does not have a constitutional or statutory right to have a petition for commutation of sentence or request for clemency granted.  Despite Plaintiff's conclusory assertions, "there is no constitutional right to clemency" in the State of Florida.  Bowles v. Desantis, 934 F.3d 1230, 1242 (11th Cir. 2019); *see also* Herrera v. Collins, 506 U.S. 390, 414, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993).  Clemency "is instead a discretionary[4] remedy that is 'granted 'as a matter of grace.'"  Valle v. Sec'y, Fla. Dep't of Corr., 654 F.3d 1266, 1268 (11th Cir. 2011) (quoted in Bowles, 934 F.3d at 1242).  Plaintiff was informed of that legal fact in her prior habeas case, *see* ECF No. 30 at 10, and in the prior Order entered in this case.  *See* ECF No. 4 at 6.

In addition, it does not matter that the Governor denied her clemency request on June 26, 2019, "without notice of hearing" and without holding a

---

[4] "Under Florida law the clemency power is vested in the executive branch, and exercise of that power is purely discretionary." Bowles, 934 F.3d at 1236 (citing Fla. Const. Art. IV, § 8(a)).

hearing. ECF No. 8 at 6. The Rules of Executive Clemency[5] specify that no "applicant has a right to a clemency hearing." Plaintiff does not have a right to clemency or for an executive order that commutes her sentence, and her claim against Defendant DeSantis should be dismissed for failing to state a claim upon which relief may be granted.

Another problem that should be addressed so that Plaintiff does not submit a fourth case to litigate this claim is that Plaintiff's claim is also barred by the statute of limitations. The length of the limitations period is governed by state law which, in Florida, is four years. Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Plaintiff's claim against the Governor is based on his June 26, 2019, denial of her clemency petition. ECF No. 8 at 6. To proceed on that claim, Plaintiff would have had to file this case by June 2023. At this point, her claim is barred and further attempts to litigate this claim would be in vain.

In light of Plaintiff's litigation history, there is no need to afford her additional opportunities to submit an amended complaint just because

---

[5] The Rules may be accessed at: www.fcor.state.fl.us/clemencyOverview.shtml

Plaintiff paid the filing fee. The claims lack merit and should be dismissed pursuant to 28 U.S.C. § 1915A(b).

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 8, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on March 20, 2024.

S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:24cv57-WS-MAF